JOSEPH T. MCNALLY
Acting United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
SHAWN J. NELSON (Cal. Bar No. 185149)
KYLE W. KAHAN (Cal. Bar No. 298848)
KELLYE NG (Cal. Bar No. 313051)
JASON A. GORN (Cal. Bar No. 296179)
Assistant United States Attorneys
     1400/1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-5339/2238/8408/7962
     Facsimile: (213) 894-0142
     E-mail:    shawn.nelson@usdoj.gov
                kyle.kahan@usdoj.gov
                kellye.ng@usdoj.gov
                jason.gorn@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 2:18-00172(A)-GW |
|---|---|
| Plaintiff, | GOVERNMENT'S REPLY TO DEFENDANT JUAN SANCHEZ'S SUPPLEMENTAL DECLARATION OF ROY T. GRAVETTE IN OPPOSITION TO MOTION IN LIMINE #5 (Dkt. 1501) |
| v. | |
| MICHAEL LERMA, *et al.*, | |
| Defendants. | Hearing Date: February 10, 2025<br>Hearing Time: 1:00 p.m.<br>Location:    Courtroom of the<br>             Hon. George H. Wu |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Kyle W. Kahan, Shawn J. Nelson, Kellye Ng, and Jason A. Gorn, hereby files its reply to defendant Juan Sanchez's supplemental declaration of Roy T. Gravette, filed as Docket Number 1501.

This reply is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: February 7, 2025

Respectfully submitted,

JOSEPH T. MCNALLY
Acting United States Attorney

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

      /s/
KYLE W. KAHAN
SHAWN J. NELSON
KELLYE NG
JASON A. GORN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   DEFENSE'S EXPERT OPINIONS ARE NOT RELIABLE AND ARE UNDULY SPECULATIVE DUE TO HIS LACK OF RELEVANT EXPERIENCE**

Mr. Gravette's supplemental declaration fails to adequately state a reliable basis for an expert opinion on both relevant BOP policies and how they would be carried out at Metropolitan Detention Center- Los Angeles ("MDCLA").  Mr. Gravette fails to state either any familiarity with MDCLA's policies or how MDCLA would <u>actually</u> train its employees, rather than how it <u>should</u>.  And because Mr. Gravette cannot testify how MDCLA trains its employees, he cannot properly opine how MDCLA's employees would follow or not follow this training.  Because Mr. Gravette lacks this relevant experience, his overall opinion as to how MDCLA correctional officers would have found S.B. at a specific point in time remains speculative.

Indeed, Mr. Gravette admits that, while small, there is local variation "in the manner in which federal facilities ensure the presence, safety and security of the inmate population."  Dkt. 1501 at 5.  Mr. Gravette's background leaves him unable to explain to the jury what these variations would entail.[1]

Mr. Gravette's attempts to use other courts' findings should hold no weight here.[2]  See <u>Willis v. Oklahoma Cty. Detention Ctr.</u>, 5:18-CV-323-D, Dkt. 183 (W.D. Okla. Jan. 5, 2022) (allowing Mr.

---

[1] While Mr. Gravette notes that local variations require Bureau of Prisons ("BOP") approval and incorporation into a written supplement, counsel has informed Mr. Gravette that their review of the materials has led to "nothing material to [Mr. Gravette's] anticipated testimony.  Dkt. 1501 at 2.  On February 4, 2025, counsel informed the government that they were only operating under the impression that the supplements contained nothing material.

[2] The government notes that, contrary to Mr. Gravette's assertion, the government did object to his testimony in <u>United States v. Kertesz</u>, 5:20-CR-00012-JGB, Dkt. 123.

Gravette to testify whether a defendant's conduct was consistent with established custom and practice); Harris v. Bowser, 18-CV-768-CKK, Dkt. 72 (D.D.C. Oct. 1, 2021) (allowing Mr. Gravette to testify whether certain conduct met accepted standards of professional judgment). "A district court must distinguish an expert's qualifications from the reliability of the expert's principles and methods." United States v. Holguin, 51 F.4th 841, 854 (9th Cir. 2022) (emphasis in original); cf. Daubert v. Merrell Dow Pharms., Inc., 43 F.3d 1311, 1315-16 (9th Cir. 1995) ("[S]omething doesn't become 'scientific knowledge' just because it's uttered by a scientist.").

This Court must make its own independent findings on the reliability of Mr. Gravette's proffered opinions. Holguin, 51 F.4th at 854-55. When an "expert's reasoning is circular, speculative, or otherwise flawed," it cannot be deemed reliable. Id. at 855. Mr. Gravette's proffered testimony is not an explanation of standard customs and practices and opining whether certain behavior met that standard. Instead, his proffered testimony is taking presumed standard customs and practices, implying that a certain facility where he has never worked actually followed those practices, and speculating how its correctional officers would adhere to those policies in a specific manner.

In summary, Mr. Gravette has no relevant knowledge on the actual training and organization of MDCLA. Instead, he relies on a generalized analysis of BOP materials to come to his conclusion; a conclusion that only further speculates as to what MDCLA correctional officers would have done if trained in a certain manner. Mr. Gravette lacks the proper experience to opine how applicable BOP

2

policies would be carried out at MDCLA.  Mr. Gravette's testimony is thus unreliable.  This Court should follow its tentative ruling and exclude him from trial.

## II.  CONCLUSION

For the foregoing reasons, as well as the reasons articulated in the government's motion and initial reply, the government respectfully requests that this Court grant the government's motion in limine #5.