JOSEPH T. MCNALLY
Acting United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
KYLE W. KAHAN (Cal. Bar No. 298848)
KELLYE NG (Cal. Bar No. 313051)
JASON A. GORN (Cal. Bar No. 296179)
Assistant United States Attorneys
     1400/1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2238/8408/7962
     Facsimile: (213) 894-0142
     E-mail:    kyle.kahan@usdoj.gov
                jason.gorn@usdoj.gov
                kellye.ng@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:18-CR-00172(A)-GW |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSED SUMMARY OF FEBRUARY 10, 2025 PRETRIAL CONFERENCE |
| v. | |
| MICHAEL LERMA, *et al.*, | |
| Defendants. | |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Kyle W. Kahan, Kellye Ng, and Jason A. Gorn hereby files its summary regarding the February 10, 2025 pretrial conference.

//

//

//

//

//

Dated: February 12, 2025

Respectfully submitted,

JOSEPH T. MCNALLY
Acting United States Attorney

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division


   /s/
KYLE W. KAHAN
KELLYE NG
JASON A. GORN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**GOVERNMENT'S SUMMARY OF PRETRIAL CONFERENCE**

**I.   Government's Motion in Limine #1**

The Court's tentative ruling is final.

**II.  Government's Motion in Limine #2**

The Court hears arguments regarding its tentative orders on admission of defendant Lerma's alleged past direction of the murder of another inmate. The Court rules the evidence is excluded unless defendant Lerma's trial is severed.

The Court also hears arguments regarding defendant Carlos Gonzalez's creation of weapons in prison. The Court excludes the evidence unless defendants open the door at trial.

**III. Government's Motion in Limine #3**

The Court hears arguments regarding its tentative order. The Court's tentative ruling is final.

**IV.  Government's Motion in Limine #4**

The Court's tentative ruling is final.

**V.   Government's Motion in Limine #5**

The Court hears arguments regarding its tentative orders.

As to Jaclyn Garfinkle, the Court hears argument and requires her to respond to defendants' request for an interview sometime before trial. Defendants can subpoena her for trial.

As to Mark Eskridge, the parties agreed that his testimony is moot in light of the Court's ruling on Government's Motion in Limine #3.

As to Anthony Solis, the Court hears argument. The Court's tentative ruling is final.

As to Roy T. Gravette, the Court hears argument. The Court does not exclude Mr. Gravette, per se, but he may only testify as a

rebuttal witness in the event a Bureau of Prisons employee testifies that the regulations are not taken seriously. To the extent the defense intends to have Mr. Gravette testify as a percipient witness regarding MDCLA's layout and temperature control, as it indicated during the February 10, 2025 pretrial conference, defendants are directed to produce that reciprocal discovery to the government.

As to Dr. Kathy Pezdek, the Court hears argument. The Court directs the defense to file the 2-3 best statements from Dr. Pezdek.

As to Dr. Melinek, the government withdraws its objection.

As to Dr. Ranganathan, the government reserves its objection based on relevance at trial. Therefore, the motion in limine as to Dr. Ranganathan is denied without prejudice depending on evidence at trial.

**VI.  Government's Motion in Limine #6**

The Court's tentative ruling is final.

**VII. Government's Motion in Limine #7**

The Court hears argument. M.L.'s drug use, use of syringes, and paraphernalia are not relevant, but the objection is reserved in the event the possession overlaps with the time periods in his testimony.

**VIII.    Government's Motion in Limine #8**

The Court hears argument. Defendants indicate it may have been inclined to stipulate to this finding based on the government's reply brief attachment. The Court's tentative is final. The parties are directed to meet and confer regarding the proposed order to use at trial to establish the fact that MDCLA is within the territorial jurisdiction of the federal government.

**IX.  Defendants' Motion in Limine to Exclude or Limit Devon Self's Testimony**

The Court hears argument. The parties are to meet and confer and file a report by close of business on February 11, 2025 informing the Court about if and how it expects to proceed at any hearing on Thursday, February 13, 2025.

**X.   Defendants' Motion in Limine to Exclude References to the Michael Lerma Cell of the Mexican Mafia**

The Court hears argument. The parties agree to use the term "the Enterprise" instead of the "Michael Lerma Cell of the Mexican Mafia." Therefore, the motion is granted in part, and denied in part.

**XI.  Defendants' Motion in Limine to Exclude Co-Defendant Statements**

As with the Court's tentative ruling on the government's motion in limine #4, the Court expects the government to lay sufficient foundation for the statements it seeks to admit. The government is directed to give information about foundation before the witness testifies, but the Court will not order a 24-hour or 8:00 a.m. daily deadline for the government to do so. The parties can discuss the arguments regarding foundation during recesses, sidebars, or in other instances when the Court excuses the jury.

**XII. Defendants' Motion in Limine to Exclude Kite Evidence**

The Court denies the motion without prejudice. As to arguments about parties' references in opening statements as to the roll call, the Court will not bar the government from mentioning it because opening statements comprise what a party expects the evidence will show. Unless defendants argue the government does not have a good

3

faith belief on what the evidence will show, the Court will not bar it.

**XIII.    Other Matters**

    **A.    Jose Valencia Gonzalez Joins all pending *Massiah* motions to suppress.**

    **B.    If one defendant objects, that objection is treated as though all four defendants object.**

    **C.    The Court rejects the defense request that a Rule 403 objection be automatically added to any other raised objection.**

    **D.    The Court rejects the defense request that a Confrontation Clause Objection also be added to any hearsay objection. The analyses for the two objections differ.**

    **E.    Motion to Dismiss Based on Gomez**

The parties can meet and confer regarding the language for any proposed jury instructions. The Court will not entertain defendant's motion to dismiss on the first day of trial.

    **F.    Dismissal of Carjacking Count (Count Nine)**

The government will file its motion to dismiss before the first day of trial.

    **G.    Defendants' Housing**

Defense counsel are directed to confer with the United States Marshals Service about defendants' housing during trial and to prepare a proposed order for the Court.

    **H.    Amended Exhibit and Witness Lists and Exhibits**

The government is given leave to file amended exhibit and witness lists.

The government agrees to send a digital copy of its exhibits.

**I.   Jury Questionnaires and Empaneling an Anonymous Jury**

The parties discuss the Court's amended language.  The parties shall meet and confer where noted and re-submit the amended jury questionnaire.

The Court hears argument regarding its inclination to empanel an anonymous jury.  The Court would be well within its rights to empanel a completely anonymous jury for the reasons set forth during the hearing, but will allow the jurors' names be made available to Attorney's Eyes Only and to those whom are making photo copies of the questionnaires.

The Court specifies that only Attorney's Eyes can view the jurors' names, but no investigators, jury consultants, or staff.

The jurors' name shall be on a separate page, as well as the signature page shall remain on a separate page.  The Courtroom Deputy will remove the first and last pages of the jury questionnaires and will place the juror's number on page two of the questionnaire.

The parties are to confer as to whom will print copies of the completed jury questionnaires.  The parties shall provide the Court with two copies of the paper questionnaire answers and one scanned version.  The government will produce the scanned copies of the completed jury questionnaires to the defense via USAfx.

Safeguards such as treating the jury anonymity as routine can be put in place and jurors can be notified that their identities will not be disseminated to the media.

**J.   Jury Selection**

In Courtroom 10, there are 18 jurors in the box.  The Court will give each juror his or her own juror number.  The attorneys will have

1 a list of the names.  The Court is not opposed to backfilling the
2 jury; the parties need to remind the Court of that.