CHARLES P. DIAMOND (SB # 56881)
LAW OFFICES OF CHARLES P. DIAMOND
cdiamond@omm.com
AMY R. LUCAS (SB # 264034)
alucas@omm.com
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067-6035
Telephone: +1 310 553 6700
Facsimile: +1 310 246 6779

RICHARD P LASTING (SB # 53950)
RICHARD P LASTING LAW OFFICES
richardplasting@sbcglobal.net
315 East 8th Street, Suite 801
Los Angeles, CA 90014
Telephone: +1 213-489-9025
Facsimile: +1 310-626-9677

Attorneys for Defendant
Juan Sanchez

(Additional Counsel on Subsequent Page)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>MICHAEL LERMA, et al.,<br><br>  Defendants. | Case No. 2: 18-CR-172-GW<br><br>**DEFENDANTS' REPLY TO GOVERNMENT'S OPPOSITION TO REQUEST FOR PRETRIAL RULING OF ADMISSIBILITY AS TO MEDICAL EXAMINER INVESTIGATOR LEMUS' FACTUAL FINDINGS**<br><br>HEARING DATE: FEB. 25, 2025<br>TIME: 8:00 AM<br>COURTROOM: 10C<br>HON. GEORGE H. WU |

1  MARRI B. DERBY (SB # 107209)
   marri@marriderbylaw.com
2  23 Corporate Plaza Suite 150
   Newport Beach, CA 92660
3  Phone: 949-510-4785; Fax: 949-608-7034

4  Attorneys for Defendant MICHAEL LERMA

5  KENNETH M. MILLER (SB # 151874)
   Kmiller@bmkattorneys.com
6  903 Calle Amanecer, Suite 350
   San Clemente, CA 92673
7  Phone: 949-369-3700; Fax: 949-496-6753

8  RICHARD G. NOVAK (SB # 149303)
   Richard@RGNLaw.com
9  P. O. Box 5549
   Berkeley, CA 94705
10 Phone: 626-578-1175; Fax: 626-685-2562

11 Attorneys for Defendant CARLOS GONZALEZ

12 SHAUN KHOJAYAN (SB # 197690)
   shaun@khojayan.com
13 515 S. Flower St., 19th Floor
   Los Angeles, CA 90071
14 Phone: 310-274-6111; Fax 310-274-6211

15 DANIEL A NARDONI (SB # 94201)
   dan@nardonilaw.net
16 215 North Marengo Avenue Suite 328
   Pasadena, CA 91101
17 Phone: 626-578-9872; Fax: 626-578-9873

18 Attorneys for Defendant JOSE VALENCIA GONZALEZ

19
20
21
22
23
24
25
26
27
28

## DEFENDANTS' REPLY AS TO LEMUS FACTUAL FINDINGS

At the February 19, 2025 pretrial conference, the government largely conceded the admissibility of the official records subject to defendants request of an advance evidentiary ruling [Dkt. No. 1582], ostensibly on the grounds stated in the Court's tentative ruling [Dkt. No. 1599]. *See* Feb. 19, 2025 Tr. at 37-38. It preserved its objection, for later argument, to the admissibility of that portion of the Medical Examiner's file (Ex. 4001) finding, based on statements made to the Medical Examiner investigator by MDC-LA Lt. Wilson, that the decedent, Steve Bencom, "was last known alive at approximately 0430 hours [on June 29, 2025]." The Court got it right in its tentative when it admitted the entirely of the report, including that finding. We submit this reply only to briefly reply to the government's arguments that it got it wrong.

Whether based on independent investigation or statements of others, the determination of "last seen alive" is as much a "factual finding[] from a legally authorized investigation," Fed. R. Evid. 803(8)(A)(iii), as the decedent's positive finger-print identification, the fact of family notification, and his status as "a 39-year-old man with no pertinent medical information." Ex. 4001, at 20-21. Investigator Lemus made each finding based on information related to him by others. The hearsay source behind an official "factual finding" does not make that part of the official record any less admissible. *See Griffin v. Condon*, 744 Fed. Appx. 925, 930–31 (6th Cir. 2018) (investigative finding concerning conduct of prison guards and their treatment of inmates no less an official record because author relied on complaints that prisoners made against prison staff); *Owens v. City of Philadelphia*, 6 F. Supp. 2d 373, 377 n.3 (E.D. Pa. 1998) (nurses' statements contained in report concerning the actions of detention center officer after prisoner's suicide were "factual findings" because they were iterated in support of investigator's conclusion that officer "failed to take proper and decisive action"). Instead, the determinative fact is whether the finding is one that applicable law

mandated or entitled the investigator to make.

Here, California law required the Medical Examiner's to "inquire into and *determine the circumstances*, manner, and cause of all violent, sudden, or unusual deaths; . . . known or suspected homicide [and] deaths in prison or while under sentence" by "ascertain[ing] as many as possible of the facts required by this chapter." Cal. Gov't Code § 27491(a) (emphasis added); Cal. Health & Safety § 102855. "Last known alive" is an essential finding that can affect, if not underpin, the Medical Examiner's mandated findings as to manner, cause and time of death. *See, e.g.*, J. Prahlow, *Forensic Pathology for Police, Death Investigators, Attorneys, and Forensic Scientists*, at 55 (2010) (emphasis added) ("[In addition to medical history, employment status, etc.] … [o]ther items of importance include the time that the death was officially pronounced, where the person died, whether or not an injury occurred, the position of body, the condition of the body, evidence of postmortem changes, environmental information, and *when and where the person was last known to be alive*.").

Lack of personal knowledge has never undone the hearsay exception for official records. *See Alexander v. CareSource*, 576 F.3d 551, 562–63 (6th Cir. 2009) ("lack of personal knowledge is not a proper basis for exclusion of a report otherwise admissible under Rule 803(8)"); *Kehm v. Procter & Gamble Mfg. Co.*, 724 F.2d 613, 618 (8th Cir. 1983) (studies of federal and state health entities are factual findings although officials conducting the studies lacked firsthand knowledge of collected data); *Robbin v. Whelan*, 653 F.2d 47, 52 (1st Cir. 1981) (report a public record although data compilation info was reported by public officials who neither personally produced the figures nor verified their accuracy).

In any event, Lt. Wilson's statements are not hearsay. Federal Rule of Evidence 801(d)(2) provides that an opposing party's statement "is not hearsay" so long as it is made by a person who was "authorized to make a statement on the subject" and/or "made by the party's agent or employee on a matter within the

scope of that relationship and while it existed[.]" Fed. R. Evid. 801(d)(2)(C), (D). As we noted in our Request, the United States is a party to this criminal proceeding, making authorized agents of the federal Bureau of Prisons the government's agent or employee for party admission purposes. Indeed, the Bureau of Prisons is part of the same U.S. Department of Justice bringing this prosecution.[1]

      The Government misleadingly construes *United States v. Mirabal* as limited to plea agreements and sentencing memoranda written by DOJ lawyers when offered against the government in a criminal case. That is absurdly narrow. *Mirabal* recognized the *general principle* that, in criminal cases brought by the government, the party-opponent exception applies to any material statement made by the "relevant and competent section of the government," not just by fellow prosecutors.[2] *United States v. Van Griffin* illustrates application of this general principle. There, the Ninth Circuit held that a United States Department of Transportation manual on field sobriety testing was admissible against the government as an admission of a party opponent in a drunk driving case because it was developed by the "relevant and competent section of the government." 874 F.2d 634, 638 (9th Cir. 1989).[3]

---

[1] The DOJ's "Organization, Mission and Functions Manual" states that "the separate components of the Department [of Justice] . . . include the United States Attorneys, who prosecute offenders and represent the United States Government in court; . . . and the Federal Bureau of Prisons, which confines convicted offenders." https://www.justice.gov/doj/organization-mission-and-functions-manual

[2] Even were *Mirabal* limited to statements made by the Department of Justice, the Bureau of Prisons is a part of the Department of Justice. The Department of Justice's "Organization, Mission and Functions Manual" states: "This manual contains the official organization charts and mission and functions statements of the separate components of the Department [of Justice]. These include the United States Attorneys, who prosecute offenders and represent the United States Government in court; . . . and the Federal Bureau of Prisons, which confines convicted offenders." U.S. Dep't of Justice, Organization, Mission, and Functions Manual, https://www.justice.gov/doj/organization-mission-and-functions-manual (last accessed Feb. 20, 2025).

[3] The government tries to distinguish *Van Griffin* by urging that Rule 801(d)(2) is limited to written publications. That is plainly untrue. *See* Fed. R. Evid. 801(a) ("'Statement' means a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion.") (emphasis added). *See also*

1  The same is true here.  The Bureau of Prisons, charged with the
2  "safekeeping" and "protection" of its inmates, is the "relevant and competent
3  section of the government" to speak to the status and location of the inmates it
4  supervises.  *See* 18 U.S.C. § 4042(a)(2), (3).  And any statements made by Lt.
5  Wilson regarding Bencom's location or condition were made on matters he was
6  authorized to speak to and within the scope of his employment, on behalf of the
7  "relevant and competent section of the government" that watches over federal
8  inmates.  As such, his statements are of a party-opponent and therefore not hearsay.
9  *See* Fed. R. Evid. 801(d)(2)(C), (D).

10  Ultimately, the rationale for the admissibility of factual findings contained in
11  public records lies in their fundamental trustworthiness.  Justification for the
12  exception is "the assumption that a public official will perform his duty properly
13  and the unlikelihood that he will remember details independently of the record."
14  Fed. R. Evid. 803(8) advisory committee note (citing *Wong Wing Foo v. McGrath*,
15  196 F.2d 120 (9th Cir. 1952)).  The BOP employees and the Medical Examiner's
16  employees should be credited with this presumption of trustworthiness.  The
17  Medical Examiner's file on the Bencom inquiry is admissible in its entirety as a
18  public record.

19  For these reasons, the Court's tentative should stand.

---

*United States v. Barile*, 286 F.3d 749, 758 (4th Cir. 2002) (prior statements made by government's witness contained in Federal Food and Drug Administration documents admissible in criminal case as statements of a party-opponent).

- 6 -

DEFENDANTS' RESPONSE RE: LEMUS FACTUAL FINDINGS

Dated: February 21, 2025

Respectfully submitted,

RICHARD P. LASTING
CHARLES P. DIAMOND
AMY R. LUCAS

By: */s/ Charles P. Diamond*

Charles P. Diamond
Attorneys for Defendant
Juan Sanchez

On Behalf of Defendants Michael Lerma, Carlos Gonzalez, Jose Valencia Gonzalez and Juan Sanchez