

FILED
CLERK, U.S. DISTRICT COURT
MAR 28 2025
CENTRAL DISTRICT OF CALIFORNIA
BY            DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 18-172-GW |
| Plaintiff, | **PRELIMINARY INSTRUCTIONS** |
| v. | |
| MICHAEL LERMA, et al., | |
| Defendant. | |

## **Preliminary Instructions**

Jurors: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions. At the end of the trial, I will give you more detailed written instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially. You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

Please do not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be – that is entirely up to you.

This is a criminal case brought by the United States government. The First Superseding Indictment ("Indictment") charges defendants Michael Lerma, Carlos Gonzalez, Juan Sanchez, and Jose Valencia Gonzalez, with violations of federal criminal law. The Indictment simply describes the charges the government brings against the defendants. The Indictment is not evidence and does not prove anything.

Each defendant has pleaded not guilty to the charges and is presumed innocent unless and until the Government proves each Defendant guilty beyond a reasonable doubt. In addition, each Defendant has the right to remain silent and never has to prove innocence or present any evidence.

Count One charges each Defendant with conspiring to violate the federal Racketeer Influenced and Corrupt Organizations Act, also known as "RICO."

Count Two charges defendant Jose Valencia Gonzalez with committing violent crimes, namely assault with a firearm and assault resulting in serious bodily injury, in aid of a racketeering enterprise.

Count Three charges defendant Jose Valencia Gonzalez with committing a violent crime, namely conspiracy to assault with a firearm and assault resulting in serious bodily injury, in aid of a racketeering enterprise.

Count Seven charges all four Defendants with first degree murder in aid of a racketeering enterprise.

Count Eight charges all four Defendants with first degree murder within the special maritime and territorial jurisdiction of the United States.

Count Ten charges defendants Michael Lerma and Jose Valencia Gonzalez with conspiracy to distribute and possess with intent to distribute controlled substances.

Count Twelve charges defendant Jose Valencia Gonzalez with using, carrying, brandishing, and discharging of a firearm during and in relation to, and possession of a firearm in furtherance of, a crime of violence.

Count Seventeen charges defendant Jose Valencia Gonzalez with felon in possession of a

firearm and ammunition.

Count Eighteen charges defendant Carlos Gonzalez with felon in possession of a firearm and ammunition.

Count Nineteen charges defendant Juan Sanchez with felon in possession of a firearm and ammunition.

The evidence you are to consider in deciding what the facts are consists of:
(1) the sworn testimony of any witness;
(2) the exhibits which are received in evidence; and
(3) any facts to which the parties agree.

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:
(1) statements and arguments of the attorneys;
(2) questions and objections of the attorneys;
(3) testimony that I instruct you to disregard; and
(4) anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

Unless I instruct you otherwise, you are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

There are rules of evidence that control what can be received in evidence. When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, or the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:
(1) the witness's opportunity and ability to see or hear or know the things testified to;
(2) the witness's memory;
(3) the witness's manner while testifying;
(4) the witness's interest in the outcome of the case, if any;
(5) the witness's bias or prejudice, if any;
(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and
(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, or computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This restriction also applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter. In addition, you must report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved – including the parties, the witnesses or the lawyers – until you have been excused as jurors. If you happen to

3

read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you from being attentive. When you leave court for recesses, your notes should be left in the jury room. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The Government will then present evidence and counsel for a Defendant may cross-examine. Then, if a Defendant chooses to offer evidence, counsel for the Government may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments. After that, you will go to the jury room to deliberate on your verdict.

Languages other than English may be used for some evidence during this trial. When a witness testifies in another language, the witness will do so through an official court interpreter. When recorded evidence such as a video recording or document is presented in another language, there will be an official court translation of the recording/document.

The evidence you are to consider and on which you must base your decision is only the English-language interpretation/translation provided through the official court interpreters or translators. Although some of you may know the non-English language used, you must disregard any meaning of the non-English words that differs from the official interpretation/translation.

You must not make any assumptions about a witness or a party based solely upon the use of an interpreter to assist that witness or party.

4

5

Although the Defendants are being tried together, you must give separate consideration to each Defendant. In doing so, you must determine which evidence in the case applies to each Defendant, disregarding any evidence admitted solely against some other Defendant. The fact that you may find one of the Defendants guilty or not guilty should not control your verdict as to any other Defendants.

Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses. If, however, you are unable to hear or understand a witness or a lawyer (or there is some other problem regarding the presentation of evidence), please raise your hand and I will correct the situation.

During the trial, I may need to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.